UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
TRUSTEES OF THE UNITE HERE NATIONAL
HEALTH FUND,

                Plaintiffs,

                -against-

BENSON CLEANING SERVICE, INC.,

                Defendant.
-------------------------------------------------------------------X

**COMPLAINT**

07 CIV 7876



      Plaintiffs, by their attorney Mark Schwartz, Esq., complaining of Defendant, respectfully allege as follows:

### NATURE OF ACTION

1.    This is an action by plan fiduciaries to enforce the provisions of a collective bargaining agreement and certain statutory obligations imposed upon Defendant by Section 515 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1145.

### JURISDICTION

2.    The jurisdiction of this Court is invoked pursuant to Section 301(a) of the Labor Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. § 185(a) and Sections 502(a), (e) and (f) of ERISA, 29 U.S.C. § 1132(a), (e) and (f).

### VENUE

3.    Venue is properly laid in this Court pursuant to Section 301(a) of the LMRA, 29 U.S.C. § 185(a); Section 502(e) (2) of ERISA, 29 U.S.C. § 1132(e) (2); and 28 U.S.C. § 1391(b).

## THE PARTIES

4. Plaintiff UNITE HERE National Health Fund ("Health Fund") is an "employee welfare benefit plan" as defined in Section 3(1) of ERISA, 29 U.S.C. § 1002(1). Plaintiff Trustees of the Health Fund are fiduciaries within the meaning of Section 502(a) (3) of ERISA, 29 U.S.C. § 1132(a) (3), as defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(21). The Health Fund maintains its principal administrative offices at 730 Broadway, New York, New York 10003.

5. Upon information and belief, Defendant Benson Cleaning Service, Inc. is an Indiana corporation having or having had its principal place of business at 26119 State Route 1, Guildford, Indiana 47022.

6. Hotel Employee and Restaurant Employees Union, Local 12 ("the Union") is an unincorporated "labor organization" as defined in Section 3(4) of ERISA, 29 U.S.C. § 1002(4). Upon information and belief, the Union and Defendant have been parties to a series of collective bargaining agreements covering all relevant periods herein. Pursuant to said collective bargaining agreements, contributions to Plaintiff Health Fund were and are due to be paid monthly by Defendant.

## AS AND FOR A FIRST CLAIM FOR RELIEF BY PLAINTIFF TRUSTEES AGAINST DEFENDANT

7. Plaintiff Trustees of the Health Fund repeat and reallege each and every allegation contained in paragraphs "1" through "6" of this Complaint with the same force and effect as if set forth at length herein.

8. Contributions to the Health Fund from Defendant for the months of December 2006 and March 2007 through and including July 2007 have not been made and

are now due and owing. By reason thereof, Defendant is liable to Plaintiff Health Fund in the sum of $5,601.00 for the period stated.

9.  No prior application has been made for the relief requested herein.

### AS AND FOR A SECOND CLAIM FOR RELIEF BY PLAINTIFF TRUSTEES AGAINST DEFENDANT

10. Plaintiff Trustees of the Health Fund repeat and reallege each and every allegation contained in paragraphs "1" through "9" of this Complaint with the same force and effect as if set forth at length herein.

11. Defendant is now failing and, upon information and belief, will continue to fail to make contributions to the Fund in accordance with the terms and conditions of such Fund and the collective bargaining agreement between Defendant and the Union unless restrained by the Court.

12. No prior application ahs been made for the relief requested herein.

**WHEREFORE,** Plaintiffs respectfully pray for an order and judgment:

a.  Directing Defendant to pay to the UNITE HERE National Health Fund the sum of $5,601.00;

b.  Directing Defendant to pay to the UNITE HERE National Health Fund interest on the sums set forth in paragraph "(a)" herein, to be computed at an interest rate as prescribed by the Fund, pursuant to Section 502(g)(2)(C)(i) of ERISA, 29 U.S.C. § 1132(g)(2)(C)(i);

c.  Directing Defendant to pay to the UNITE HERE National Health Fund liquidated damages, to be computed at a rate as prescribed by the Fund, pursuant to Section 502(g)(2)(C)(ii) of ERISA, 29 U.S.C. § 1132(g)(2)(C)(ii);

  d. Directing Defendant to pay to the UNITE HERE National Health Fund the reasonable attorneys' fees and costs of the action, pursuant to Section 502(g)(2)(D) of ERISA, 29 U.S.C. § 1132(g)(2)(D);

  e. Directing that Defendant be restrained and enjoined permanently from becoming or remaining delinquent in its contributions to the UNITE HERE National Health Fund, and ordering Defendant to make such contributions in accordance with the terms and conditions of the Fund's rules and regulations and the collective bargaining agreement between Defendant and the Union.

  f. Granting such other legal and equitable relief as the Court deems appropriate.

Dated: New York, New York
   August 15, 2007

           TRUSTEES OF THE UNITE HERE
           NATIONAL HEALTH FUND, Plaintiffs

          By: _/s/ Mark Schwartz_____
           Mark Schwartz, Esq. (MS-0148)
           Attorney for Plaintiffs
           730 Broadway – 10th Floor
           New York, New York 10003
           (212) 539-5275